UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**JAMES BATEMAN,**                                          CASE NO.    1:13-CV-109(WLS)

    **Plaintiff,**

v.

**TITLEMAX OF GEORGIA, INC.,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, JAMES BATEMAN, hereby sue Defendant, TITLEMAX OF GEORGIA, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §1981.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest. Jurisdiction of this court in invoked pursuant to 28 U.S.C.§ 1331

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, JAMES BATEMAN, has been a resident of the state of Georgia and was employed by Defendant. Plaintiff is a member of a protected class due to his race (black).

4. At all times pertinent hereto, Defendant, TITLEMAX OF GEORGIA, INC., has been organized and existing under the laws of the state of Georgia. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

**CONDITIONS PRECEDENT**

5.     Plaintiff has satisfied all conditions precedent to bringing this action, if any.

**STATEMENT OF THE ULTIMATE FACTS**

6.     Plaintiff was initially hired by Defendant in or about December 2009 and held a position as a Customer Services Representative at the time of his termination in or about September 2010.

7.     Plaintiff was terminated on or about September 9, 2010 for accepting one or more payments that were late or were otherwise a non-standard payment. Plaintiff accepted these payments based on Defendant's common practices and how other white employees, including but not limited to, David Grisham, Angela Banks, and Tonya Bell, accepted similar payments under similar circumstances.

8.     None of the above described employees were terminated despite that each had accepted and processed payments in the same manner and circumstances that Plaintiff did that resulted in his termination.

9.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee and all costs of this case under 42 U.S.C. §1988.

**COUNT I**

**RACE DISCRIMINATION**

10.     Paragraphs 1 through 9 are realleged and incorporated herein by reference.

11.     This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981.

12.     Plaintiff has been the victim of discrimination on the basis of his race in that Plaintiff was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race.

13.     Defendant is liable for the differential treatment and hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuse to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

14.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

15.     The discrimination complained of herein affected terms, conditions, and/or privileges of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's termination or other separation from employment.

16.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race.

17. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages in light of the Defendant's conduct and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 1st day of July 2013.

                Respectfully submitted,

                /s/ James Garrity
                James Garrity; GBN 121837
                Marie A. Mattox; FBN 0739685
                MARIE A. MATTOX, P.A.
                310 East Bradford Road
                Tallahassee, FL 32303
                Telephone:  (850) 383-4800
                Facsimile:   (850) 383-4801

                ATTORNEY FOR PLAINTIFF